IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BROOKE MASON,

      Plaintiff,

v.
                                          23 CV 16339

COOK COUNTY HEALTH AND HOSP. SYSTEM,

                                            **Jury Demand**

      Defendant.

SECOND AMENDED COMPLAINT

Now Comes BROOKE MASON, by and through her attorney, JONATHAN LUBIN, and Complains of COOK COUNTY HEALTH AND HOSPITAL SYSTEM, stating:

**Introduction, Jurisdiction and Venue**

1.  This is a civil action brought pursuant to 42 U.S.C. § 2000e.

2.  Plaintiff, for the relevant period, was an employee of Defendant, Cook County Health and Hospital System, in the Northern District of Illinois.

3.  Defendant is located in the Northern District of Illinois, and for the relevant period was Plaintiff's employer.

4.  Jurisdiction is therefore proper under 28 U.S.C. § 1331 because the Complaint seeks damages and equitable relief under federal statutes.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the relevant events took place in the Northern District of Illinois.

**Facts Common to All Counts**

6.  In the fall of 2021, Cook County Hospital System announced a policy of requiring its employees to vaccinate against COVID-19.

7. To that point, and throughout the COVID-19 pandemic, Plaintiff had been employed by Defendant and had taken various steps to mitigate her exposure to COVID-19, and to avoid exposing others in her care to COVID-19.

8. These precautions involve making PPE available, and requiring employees to use them, forbidding eating in the workplace, and other COVID-19 mitigation strategies. These strategies worked very well (or, at least, COVID-19 was largely prevented in Plaintiff's workplace despite them).

9. In the late summer and early fall of 2021, Defendant instituted a COVID-19 vaccine mandate. The mandate required each employee to be vaccinated against COVID-19 unless they received an exemption based on either religious or other bases.

10. The policy stated that each request for a religious exemption will be considered individually.

11. The policy required that any request for an accommodation be accompanied by the signature of a clergyperson. This requirement violates the law.

12. Plaintiff was an Outpatient Pharmacist at Defendant. She masked, socially distanced, and took all required safety precautions to prevent becoming infected, or passing any infections to others, prior to the vaccine policy being implemented.

13. Due to her deeply held religious beliefs, Plaintiff refused to be vaccinated against COVID-19. Specifically, she cited the Christian scriptures, Corinthians 6:19, which states "Or do you not know that your body is a temple of the Holy Spirit within you, whom you have from G-d? You are not your own for you were bought with a price. So glorify G-d in your body." She further stated that her body is a temple of the Holy Spirit, and that she worried the COVID-19 vaccines would alter His design.

14. On September 16, 2021, Defendant send a letter to Plaintiff stating that they would be unable to accommodate her because she had previously taken the flu vaccine.

15. Then on September 24, 2021, Defendant changed courses and claimed that it would grant an accommodation which was, in effect, an accommodation in name only. Defendant offered the "accommodation" that Plaintiff could find a job that was entirely telecommuting and apply for that position. Once she did so, she would be placed in a pool with every other applicant, including those that were not seeking an accommodation.

16. Until she was able to find such a position, she would be placed on unpaid status, and would be terminated after 90 days. That is, Plaintiff was not permitted to work and would make no

money. This was the accommodation.

17. In reality, there were no such telecommuting positions.

18. In the meantime, Defendant offered an accommodation to an employee who did not vaccinate, and who had sought an accommodation based on non-religious factors.

19. This is discrimination on the basis of religion.

20. The "accommodation" period ended in December, 2021. Plaintiff was formally terminated on May 20, 2022.

21. Prior to her termination, she had been performing the requirements of her employment professionally and satisfactorily.

22. Other than her refusal to violate her sincerely held religious beliefs, she was not in violation of any reasonable rule or requirement of Defendant.

### Count I – 42 U.S.C. § 2000e

23. On September 20, 2023, Plaintiff received a Right to Sue letter from the EEOC, which is attached hereto.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. § 2000e, and requiring Defendant to reinstate Plaintiff, and pay her back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

### Plaintiff demands trial by jury

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/20/2023

**To:** Brooke Mason
17160 Parkside Ave
TINLEY PARK, IL 60477
Charge No: 440-2022-02083

EEOC Representative and email:   JAIRO MARQUEZ
Federal Investigator
jairo.marquez@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-02083.

On behalf of the Commission,

Digitally Signed By:Diane I. Smason
09/20/2023

Diane I. Smason
Acting District Director